IN THE MATTER OF ROBERT I. JADD.

Suffolk.   September 15, 1983. — February 21, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Constitutional Law*, Privileges and immunities, Attorney at law.  *Attorney at Law*, Admission to practice, Residency requirement.

The requirement in Supreme Judicial Court Rule 3:01, § 6.1.1, as appearing in 382 Mass. 753 (1981), that an attorney seeking admission to the Massachusetts bar on motion must be a resident of the Commonwealth violates the privileges and immunities clause of the United States Constitution. [228-237]

APPLICATION for hearing filed in the Supreme Judicial Court for the county of Suffolk on January 30, 1981.

The case was reported by *Abrams*, J.

*John Cary Sims*, of the District of Columbia (*Robert I. Jadd*, of New York, with him) for the applicant.

*Robert Muldoon* (*Paul R. Gupta* with him) for Board of Bar Examiners.

WILKINS, J.  Robert I. Jadd, a resident of the State of New York, a member of the bar of the State of Florida since 1974, and a member of the bar of the State of New York since 1975, challenges the constitutionality of the requirement of S.J.C. Rule 3:01, § 6.1.1, as appearing in 382 Mass. 753 (1981), that an attorney seeking admission to the Massachusetts bar on motion must be a resident of the Commonwealth.[1]  His principal claim is that the residency requirement violates the privileges and immunities clause

---

[1] Subsections 6.1 and 6.1.1 provide: "6.1 Attorneys Admitted in Other States.  A person who has been admitted as an attorney of the highest judicial court of any State, district or territory of the United States may apply to the Supreme Judicial Court for admission, without examination, as an attorney in this Commonwealth.  The Board of Bar Examiners

of art. 4 of the Constitution of the United States.[2] The Board of Bar Examiners denied Mr. Jadd's application for admission on motion because he failed to meet the residency requirement of the rule.[3] Mr. Jadd then filed an application for a hearing before a single justice of this court. She reserved and reported the matter to this court for decision.

We conclude that the residency requirement of rule 3:01, § 6.1.1, violates the privileges and immunities clause. Judgment shall be entered that rule 3:01, § 6.1.1 violates the privileges and immunities clause and that the Board of Bar Examiners shall consider Mr. Jadd's application for admission to the bar without regard to his place of residency.

The privileges and immunites clause, appearing at art. 4, § 2, cl. 1, of the Constitution of the United States,[4] "'establishes a norm of comity,' . . . that is to prevail among the States with respect to their treatment of each other's residents" (citations omitted). *Hicklin* v. *Orbeck,* 437 U.S. 518, 523-524 (1978). See *Austin* v. *New Hampshire,* 420 U.S. 656, 660-663 (1975). That clause does not identify those subjects as to which equality of treatment is required. "Only with respect to those 'privileges' and 'immunities' bearing upon the vitality of the Nation as a single entity must the State treat all citizens, resident and nonresident,

---

may, in its discretion, excuse the applicant from taking the regular law examination on the applicant's compliance with the following conditions:

"6.1.1 The applicant's principal residence is in the Commonwealth of Massachusetts."

[2] We shall not discuss his claim based on the commerce clause in part because his rights probably would be no greater under the commerce clause than under the privileges and immunities clause, given "their common origin in the Fourth Article of the Articles of Confederation and their shared vision of federalism." *Hicklin* v. *Orbeck,* 437 U.S. 518, 531-532 (1978).

[3] The Board of Bar Examiners advises us that it has not completed its investigation of the question whether Mr. Jadd meets the other requirements of rule 3:01, § 6, for admission on motion.

[4] "The citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states."

equally." *Baldwin* v. *Fish & Game Comm'n,* 436 U.S. 371, 383 (1978). These rights are referred to as "fundamental" under the clause. *Id.* at 387-388. There are some matters so related to State sovereignty that, even though they are important rights of a resident of a State, discrimination against a nonresident is permitted. See, e.g., *Dunn* v. *Blumstein,* 405 U.S. 330, 343 (1972) (the right to vote in State elections). See also *Baldwin* v. *Fish & Game Comm'n, supra* at 383, and cases cited; Note, A Constitutional Analysis of State Bar Residency Requirements Under the Interstate Privileges and Immunities Clause of Article IV, 92 Harv. L. Rev. 1461, 1468-1470 (1979). Some interests or rights do not rise to the level of being fundamental and, accordingly, equality of treatment is not required. See *Baldwin* v. *Fish & Game Comm'n, supra* at 388 (discrimination against nonresidents concerning elk hunting for sport upheld). See also *Massachusetts Council of Constr. Employers, Inc.* v. *Mayor of Boston,* 384 Mass. 466, 474-475 (1981), rev'd on other grounds sub nom. *White* v. *Massachusetts Council of Constr. Employers, Inc.,* 460 U.S. 204 (1983).

Where the right is fundamental, the privileges and immunities clause bars discrimination against nonresidents "where there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States." *Toomer* v. *Witsell,* 334 U.S. 385, 396 (1948). Where discrimination is challenged, it may be justified if there is a showing that nonresidents are a "peculiar source" of an "evil" the State is seeking to remedy (*Hicklin* v. *Orbeck, supra* at 525-526, quoting *Toomer* v. *Witsell, supra* at 398). If the State interest is substantial and some measure of discrimination is permissible, there must be a "reasonable relationship between the danger represented by non-citizens, as a class, and the . . . discrimination practiced upon them." *Hicklin* v. *Orbeck, supra* at 526, quoting *Toomer* v. *Witsell, supra* at 399. The discrimination must not sweep more broadly than necessary to achieve the purpose that justifies the discrimination. See *Hicklin* v. *Orbeck, supra* at 527-

528; *Massachusetts Council of Constr. Employers, Inc.* v. *Mayor of Boston, supra* at 475-476 & n.17; L. Tribe, American Constitutional Law § 6-33, at 410 (1978). It has long been held that the clause protects the right to "travel to another State for purposes of employment free from discriminatory restrictions in favor of state residents imposed by the other State." *Hicklin* v. *Orbeck, supra* at 525, discussing the holding in *Ward* v. *Maryland,* 79 U.S. (12 Wall.) 418 (1871).

The Supreme Court of the United States has not yet decided whether the practice of law is a fundamental right protected by the privileges and immunities clause. We anticipate, however, that the Supreme Court would conclude that the practice of law, an important commercial activity, although that of a "learned profession," is a fundamental right. See *Bates* v. *State Bar,* 433 U.S. 350, 368-372 (1977); *Goldfarb* v. *Virginia State Bar,* 421 U.S. 773 (1975); *In re Griffiths,* 413 U.S. 717, 723-724 (1973). See also 92 Harv. L. Rev., *supra* at 1473-1475; Hafter, Toward The Multistate Practice of Law Through Admission by Reciprocity, 53 Miss. L.J. 1, 30 (1983). We have noted the question but have not had to express our views on the subject. *Massachusetts Council of Constr. Employers, Inc.* v. *Mayor of Boston, supra* at 475 n.16.

Courts that have considered the question have concluded that the practice of law is a fundamental right for privileges and immunities purposes. *Piper* v. *Supreme Court,* 539 F. Supp. 1064 (D.N.H. 1982), aff'd by an equally divided court, 723 F.2d 110 (1st Cir. 1983).[5] *Stalland* v. *South*

---

[5] The *Piper* case presents an interesting procedural history. The trial judge held that a residency requirement for admission to the bar of New Hampshire of an out-of-State resident who had passed a New Hampshire bar examination was unconstitutional in violation of the privileges and immunities clause. On appeal to the Court of Appeals for the First Circuit, the judgment was reversed by a two-to-one vote. *Piper* v. *Supreme Court,* 708 F.2d 825 (1st Cir. 1983). A petition for a hearing en banc was granted. The court vacated the panel's judgment and withdrew the panel opinion. *Piper* v. *Supreme Court,* 723 F.2d 110 (1st Cir. 1983). The court then divided evenly two to two, with the result that the decision of

*Dakota Bd. of Bar Examiners,* 530 F. Supp. 155, 158 (D.S.D. 1982). *Strauss* v. *Alabama State Bar,* 520 F. Supp. 173 (N.D. Ala. 1981). *Sheley* v. *Alaska Bar Ass'n,* 620 P.2d 640, 643 (Alaska 1980). *Matter of Gordon,* 48 N.Y.2d 266, 272 (1979). *Sargus* v. *West Virginia Bd. of Law Examiners,*       W. Va.    , (294 S.E.2d 440, 444 [W. Va. 1982]). 53 Miss. L.J., *supra* at 30-34. We are aware of no case that holds to the contrary.[6] Contests under the privileges and immunities

the District Court was affirmed by an equally divided vote. *Id.* Judge Bownes, joined by Judge Coffin, voted to affirm the District Court's judgment, based on reasoning that is consistent with views we express in this opinion. *Id.* at 118 (Bownes, J., with whom Coffin, J., joined). Chief Judge Campbell, joined by Judge Breyer, concluded "that principles of federalism require giving greater weight than did the district court to the right of each state court to set bar standards, including bar residency standards." *Piper* v. *Supreme Court, supra* at 118 (Campbell, C.J., with whom Breyer, J., joined). They believe that New Hampshire's bar residency requirement is constitutional.

This case was the first of its character to be considered on its merits by a United States Circuit Court of Appeals. See text below at 233-234. It is an issue that the Supreme Court of the United States may choose to face. There-is a split within one circuit but not yet a split among the circuits.

[6] The suggestion in *In re Professional Ethics Advisory Comm.,* 89 N.J. 74, 93 (1982), appeal dismissed sub nom. *Jacoby & Meyers* v. *Supreme Court,* 459 U.S. 962 (1982), that "nothing suggests [that the Supreme Court] would now" declare the practice of law to be a fundamental privilege under the privileges and immunities clause seems of doubtful merit, particularly as that view relies on *Leis* v. *Flynt,* 439 U.S. 438 (1979) (per curiam opinion), which, on due process grounds, dealt with the question of the admission of an attorney, pro hac vice, to handle a particular case. In determining that out-of-State attorneys had no right protected by the due process clause to appear in a particular court proceeding, the Supreme Court stated in *Leis* v. *Flynt, supra* at 442: "Since the founding of the Republic, the licensing and regulation of lawyers has been left exclusively to the States and the District of Columbia within their respective jurisdictions. The States prescribe the qualifications for admission to practice and the standards of professional conduct." No privileges and immunities argument was considered by the Court. Of course, the traditional right to regulate the admission of attorneys may not be exercised in a way that infringes on the constitutional rights of bar applicants. See *Konigsberg* v. *State Bar,* 353 U.S. 252, 273 (1957); *Schware* v. *Board of Bar Examiners,* 353 U.S. 232, 238-239 (1957). In general, however, a motion for admission pro hac vice lies in the discretion of the motion judge. *DiLuzio* v. *United Elec., Radio & Mach. Workers, Local 274, ante* 211 (1984). *Merles* v. *Lerner, ante* 221 (1984).

clause concerning residency requirements for admission to the bar have not been fought over the "fundamental" right question but rather have largely been fought over the question whether, under the principles set forth in the *Hicklin* case, the State has a sufficient interest in requiring residency so as to justify the discrimination. We turn to those cases.

Various State courts have found residency requirements for bar admission to be a denial of rights under the privileges and immunities clause. In *Matter of Gordon,* 48 N.Y.2d 266 (1979), the Court of Appeals of New York struck down, on privileges and immunities grounds, requirements that an applicant for admission to the bar by examination have been (1) a New York resident for the six months immediately preceding submission of his application for admission to practice, and (2) a New York resident at the time of his admission.[7] The New York court's broad reasoning in condemnation of its residency requirements reaches any residency requirement for bar admission, including admission on motion.[8] *Id.* at 272-273. The year after the *Gordon* decision, the Supreme Court of Alaska reached the same conclusion, on privileges and immunities grounds, in holding invalid a requirement that an application for admission to the bar by examination reside in Alaska for thirty days before the first day on which the bar examination is to be given. *Sheley* v. *Alaska Bar Ass'n,* 620 P.2d 640, 646

[7] In the *Gordon* case, the applicant met the residency requirement for taking the bar examination (*id.* at 269) but moved to North Carolina before he was admitted to the New York bar. Strictly, the *Gordon* case holds only that if a New York resident takes the bar examination and passes it, he may not constitutionally be denied admission to the bar on the ground that he has moved to another State.

[8] "[G]iven two equally qualified candidates who have passed the Bar examination (*or, for that matter, meet the other requirements for admission on motion*) and possess the requisite character and fitness, the rule would deny one admission based solely upon residence" (emphasis added). *Id.* at 273. Compare N.Y. Jud. Law § 90(1)(b) (McKinney 1983) (presumes that an applicant for admission on motion must be a resident) with Rule 520.9(b) of the New York Court of Appeals Rules (McKinney 1983) (specifically allows a nonresident to be admitted on motion).

In the Matter of Jadd.

(Alaska 1980). Two years later the Supreme Court of Alaska struck down a requirement that an applicant for admission to the bar by examination be domiciled in Alaska on the date of admission. *Noll* v. *Alaska Bar Ass'n,* 649 P.2d 241 (Alaska 1982). In 1982, the Supreme Court of West Virginia held that a requirement that an applicant for admission by examination be a resident of West Virginia for at least thirty days before taking the bar examination was an unconstitutional denial of privileges and immunities. *Sargus* v. *West Virginia Bd. of Law Examiners,*       W. Va. (294 S.E.2d 440 [W. Va. 1982]). That court's analysis seems fully applicable to a simple residency requirement as a condition for admission by examination or on motion.

On reasoning similar to that of the opinions of the State courts cited above, Federal District Courts have held that residency requirements for admission to the bar were unconstitutional in New Hampshire (*Piper* v. *Supreme Court,* 539 F. Supp. 1064 [D.N.H. 1982], aff'd by an equally divided court, 723 F.2d 110 [1st Cir. 1983]), in South Dakota (*Stalland* v. *South Dakota Bd. of Bar Examiners,* 530 F. Supp. 155 [D.S.D. 1982]),[9] and in Alabama (*Strauss* v. *Alabama State Bar,* 520 F. Supp. 173 [N.D. Ala. 1981]). There is no significant contrary authority. The opinion of a Federal District Court in Wisconsin upholding a bar examination residency requirement against a privileges and immunities challenge was vacated. *Canfield* v. *Wisconsin Bd. of Attorneys Professional Competence,* 490 F. Supp. 1286, 1290-1291 (W.D. Wis. 1980), vacated as moot, 645 F.2d 76 (7th Cir. 1981).[10] Another opinion expressing the conclu-

[9] An apparent response of South Dakota to this Federal court opinion was to eliminate the right of an attorney to admission on motion. S.D. Codified Laws Ann. § 16-16-6 (1983 Supp.)

[10] The Wisconsin Federal District Court judge's conclusion that he was bound by the United States Supreme Court's affirmance of *Wilson* v. *Wilson,* 416 F. Supp. 984 (D.Or. 1976), aff'd mem., 430 U.S. 925 (1977), a pre-*Hicklin* determination, is of doubtful merit. See *Piper* v. *Supreme Court,* 539 F. Supp. 1064, 1067-1071 (D.N.H. 1982), aff'd by an equally divided court, 723 F.2d 110 (1st Cir. 1983); *Stalland* v. *South Dakota Bd. of Bar Examiners, supra* at 161-162; *Noll* v. *Alaska Bar Ass'n, supra* at 246 n.17; *Sargus* v. *West Virginia Bd. of Law Examiners, supra* at       (*supra* at 446).

sion that a Maryland residency requirement for bar admission on examination met privileges and immunities standards has also been vacated. See *Golden v. State Bd. of Law Examiners,* 452 F. Supp. 1082 (D. Md. 1978), vacated as moot, 614 F.2d 943 (4th Cir. 1980).[11]

Various arguments in support of a residency requirement for admission to the bar on examination have been rejected as not meeting the two-pronged test set forth in the *Hicklin* case. In the cases, there has been no showing that nonresidents are "peculiar sources" of attorney incompetence or that a residency requirement is substantially related to the solution of any problem, in the sense that less discriminatory means could not be adopted. *Hicklin v. Orbeck, supra* at 526.

It is not apparent that residency is a measure of familiarity with local practice or of the willingness of an attorney to learn local procedure. See *Stalland v. South Dakota Bd. of Bar Examiners, supra* at 159-160; *Sargus v. West Virginia Bd. of Law Examiners, supra* at      (*supra* at 445). Massachusetts does not require residency for admission by examination, nor does it require attorneys once admitted to continue to be Massachusetts residents as a condition of continuing bar membership. If there were a basis for the conclusion that nonresident attorneys are not conversant with Massachusetts practice, a requirement of an examination on local practice for those seeking admission on motion might be adopted as less discriminatory than a residency requirement.

We are aware of no problem in the service of process on nonresident members of the Massachusetts bar or in obtaining jurisdiction over them for bar discipline purposes.[12] If

---

[11] The District Court opinion, issued less than three months before *Hicklin v. Orbeck,* 437 U.S. 518 (1978), was decided, erroneously asserts that the attorney's privileges and immunities rights were at best no greater than his rights under the equal protection clause of the Fourteenth Amendment to the United States Constitution. See *Golden v. State Bd. of Law Examiners, supra* at 1094.

[12] Information provided to this court by the Board of Bar Overseers shows that there were approximately 5,000 nonresident members of the Massachusetts bar during 1983.

there were any problem, we could adopt a court rule requiring that a nonresident attorney appoint the clerk of this court as an agent for the service of process. The asserted problem of obtaining jurisdiction over nonresident attorneys has been rejected as an adequate justification for discrimination based on residency in bar admissions. See *Stalland* v. *South Dakota Bd. of Bar Examiners, supra* at 160-161; *Noll* v. *Alaska Bar Ass'n, supra* at 245-246; *Matter of Sackman*, 90 N.J. 521, 528-530 nn. 6 & 7, 533-534 (1982); *Matter of Gordon, supra* at 274; *Sargus* v. *West Virginia Bd. of Law Examiners, supra* at      (*supra* at 445).

There is a possibility that a nonresident attorney may not be able to respond to reasonable demands for court appearances. There is, however, no showing that nonresident attorneys have been a source of any problem that does not arise in connection with resident attorneys living and practicing in the Commonwealth. The requirement of residence on admission, unaccompanied by any requirement of continued residence or any requirement of association with local counsel in litigated matters, does not significantly improve accessibility and thus seems unlikely to be an acceptable basis for our residence-based discrimination under the *Hicklin* test, even if there is a problem in the handling of litigated matters.

The claim that residency is required in order to investigate the background of the applicant is not persuasive. We have no residency requirement for applicants admitted by examination. To be sure, the investigation of those who have practiced elsewhere, and seek admission on motion, presents a different kind of problem. But we have no showing that the problem is significantly eased when the applicant for admission on motion has lived in Massachusetts, as is usually the case, for only several months, if that long. The necessity for investigation at the place where the applicant has practiced law is not altered simply because he has moved to Massachusetts. If the problems of investigation are greater as to a nonresident, the solution might be to impose a higher fee for the investigation and admission of a nonresi-

dent applicant. In any event, residency is not essential for conducting personal interviews. Courts have rejected administrative convenience as adequate, for privileges and immunities purposes, to justify a residency requirement for bar admission. See *Strauss* v. *Alabama State Bar*, 520 F. Supp. 173, 178-179 (N.D. Ala. 1981); *Sheley* v. *Alaska Bar Ass'n*, *supra* at 645-646; *Matter of Gordon*, *supra* at 274; *Sargus* v. *West Virginia Bd. of Law Examiners*, *supra* at     (*supra* at 445-446).

The question remains whether there is any significant difference between residency requirements for admission by examination which, since the *Hicklin* decision, have been consistently struck down on privileges and immunities grounds, and a residency requirement for admission to the bar on motion. The reported cases have not dealt with this subject, although the reasoning of certain opinions cited earlier in this opinion suggests that any residency requirement in the bar admissions area is unconstitutional. Does the fact that an attorney admitted on motion need not take and pass our State's bar examination make a difference in an analysis of the validity of a residency requirement? We think it does not. It is true that, in response to the argument that a nonresident who seeks admission lacks familiarity with local law, some courts in considering admission by examination have pointed to the fact that the nonresident must pass a bar examination which tests familiarity with State law. See, e.g., *Stalland* v. *South Dakota Bd. of Bar Examiners*, *supra* at 159; *Noll* v. *Alaska Bar Ass'n*, *supra* at 244; *Sargus* v. *West Virginia Bd. of Law Examiners*, *supra* at     (*supra* at 445). Here, as to Mr. Jadd, there would be no such testing. But we do not require testing as to residents seeking admission on motion. If we are willing to admit a qualified person on motion if he or she moves to Massachusetts, we have already concluded that passing a bar examination is not an essential means in assessing his or her knowledge of local law or any other qualification for admission to the bar. Thus, the discrimination among persons seeking admission on motion is based solely on residence.

We conclude that the right of a nonresident attorney to equal treatment with resident attorneys does not become less than fundamental or the discrimination justified, in a privileges and immunities sense, because Massachusetts affords him the option to remain a nonresident and achieve admission to the bar by examination. See 53 Miss. L.J., *supra* at 39 n.131 ("It is unlikely that this distinction between admission by examination and admission by reciprocity has constitutional significance").

A judgment shall be entered that S.J.C. Rule 3:01, § 6.1.1., violates the privileges and immunities clause of the Constitution of the United States and that the Board of Bar Examiners shall consider Mr. Jadd's application for admission to the bar without regard to his place of residency.[13]

*So ordered.*

---

[13] Concurrently with the release of this opinion, we shall eliminate the requirement of S.J.C. Rule 3:01, § 6.1.1, that an applicant for admission on motion have his or her principal residence in the Commonwealth. In cooperation with the Board of Bar Examiners and other interested parties, we shall consider the possibility of replacing § 6.1.1 of rule 3:01 with a new provision requiring that applicants for admission to the bar on motion pass a limited examination on Massachusetts practice and procedure.